**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| VERNON MARCUS COLEMAN | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0233-ODE-RGV-3 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-2436-ODE-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on movant Vernon Marcus Coleman's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 689], and the government's response thereto, [Doc. 692]. For the following reasons, the undersigned **RECOMMENDS** that Coleman's § 2255 motion be denied.

## I. PROCEDURAL HISTORY

On July 10, 2007, a federal grand jury returned an eight-count indictment against Coleman and fifteen co-defendants, charging Coleman in Count One with conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. [Doc. 1]. After two years as a fugitive, Coleman was

arrested in July of 2009. [Docs. 520, 528]. On September 30, 2010, Coleman entered a non-negotiated guilty plea to Count One. [Doc. 634].

Coleman faced a statutory mandatory minimum sentence of ten years and a maximum of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii). The presentence investigation report ("PSI") found Coleman accountable for more than 150 kilograms of cocaine based, in part, on co-conspirator William Marshall's statement that Coleman picked up between 25 and 30 kilograms of cocaine on one occasion and co-conspirator Charles Parsons' statement that he delivered 50 kilograms of cocaine per week to Coleman. [PSI ¶¶ 112, 140, 159]. Coleman objected to the drug quantity assessed. [Id. ¶¶ 159, 163, 167]. The PSI recommended a reduction for acceptance of responsibility and application of the safety valve provision, which permits sentencing without regard to the statutory minimum sentence if certain criteria are met. [Id. ¶¶ 165, 170].

At the sentencing hearing, the parties came to an agreement whereby Coleman withdrew his objection to drug quantity and the government did not oppose a minor role reduction. [Doc. 670 at 3-6]. The Court stated that it did not necessarily agree that Coleman should receive a minor role reduction, but that it would honor the parties' agreement. [Id. at 5-6]. The Court then determined that Coleman's guideline range



AO 72A
(Rev.8/82)

was seventy to eighty-seven months of imprisonment. [Id. at 8]. The Court sentenced Coleman to eighty-seven months of imprisonment, finding that a sentence at the high end of the guideline range was reasonable given "the very large amount of drug distribution that [he] was involved in, his obvious knowledge of the very widespread nature of the drug conspiracy, [and] his knowledge of the fact that huge, literally huge amounts of drugs were being distributed by this group." [Id. at 13-14; Doc. 654]. The Court further stated that "the sentence appropriately reflect[ed] the seriousness of the criminal conduct." [Doc. 670 at 14].

Coleman appealed, arguing that: (1) the district court plainly erred by failing to adequately explain the sentence and/or make the required analysis of the 18 U.S.C. § 3553(a) factors; and (2) his sentence was substantively unreasonable because he had a minor role in the offense, he had no prior record, and a similarly situated co-defendant received a sixty-four month sentence. Br. of Appellant, United States v. Coleman, No. 11-10620-AA, 2011 WL 3260664, at *1 (11th Cir. May 3, 2011). The United States Court of Appeals for the Eleventh Circuit affirmed Coleman's sentence on September 21, 2011. United States v. Coleman, 440 F. App'x 869, 870 (11th Cir. 2011) (per curiam) (unpublished). Coleman is currently incarcerated with a projected



AO 72A
(Rev.8/82)

release date of November 7, 2015. See Inmate Locator, Federal Bureau of Prisons, available at http://www.bop.gov (last visited Sept. 7, 2012).

On July 12, 2012, Coleman timely filed this pro se § 2255 motion. [Doc. 689]. Construing the motion liberally, it appears that Coleman raises the following grounds for relief: (1) his sentence violates due process because it was imposed based on the false statements of Marshall and Parsons; and (2) counsel was ineffective at sentencing and on appeal for failing to challenge this false information. [Id. at 4; Doc. 689-1 at 2-11]. The government responds that ground one is procedurally defaulted and that ground two lacks merit. [Doc. 692 at 7-22].

## II. DISCUSSION

### A. General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States



AO 72A
(Rev.8/82)

v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

**B. Ground One: Due Process Claim**

Coleman did not raise on direct appeal his argument in ground one that his sentence violates due process because it was imposed based on the alleged false statements of Marshall and Parsons. A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or actual innocence. Jones v. United States, 153 F.3d 1305, 1307 (11th Cir.1998). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule, or that his attorney's performance failed to meet the Strickland

standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause). Coleman may yet avoid the procedural bar if he shows "that the alleged error has probably resulted in the conviction of one who is actually innocent." Jones, 153 F.3d at 1308 (internal quotation marks and citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency." Id. (internal quotation marks and citations omitted). Coleman must show "that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citations omitted).

Coleman first claims that counsel was ineffective for failing to raise this issue at sentencing and on appeal. [Doc. 689-1 at 3, 9-10]. However, for the reasons discussed in the next section (II. C.), Coleman's ineffective-assistance claims lack merit. Accordingly, Coleman cannot show cause to excuse the procedural default of this ground. See Nyhuis, 211 F.3d at 1344. Coleman also claims that he is actually innocent of the drug quantity attributed to him at sentencing. [Doc. 689-1 at 10-11]. "The actual innocence exception has been applied in two distinct contexts: first, in the



AO 72A
(Rev.8/82)

face of a claim of actual innocence of the crime of conviction and, second, in the face of a claim of actual innocence of a [capital] sentence." McKay v. United States, 657 F.3d 1190, 1196-97 (11th Cir. 2011). Although the Eleventh Circuit has "not yet determined whether the actual innocence exception can be applied to noncapital sentences," Stevens v. United States, 466 F. App'x 789, 791 (11th Cir. 2012) (per curiam) (unpublished), it has "evinced a general reluctance to extend the actual innocence exception beyond the capital sentencing context," McKay, 657 F.3d at 1199 n.14. Because Coleman does not claim that he is actually innocent of the crime of conviction and did not receive a capital sentence, the undersigned finds that he has not met the actual innocence exception. Thus, ground one is procedurally barred.

**C. Ground Two: Assistance of Counsel**

Coleman claims that counsel was ineffective at sentencing and on appeal for failing to challenge as "wholly unreliable" Parsons' statement that he delivered 50 kilograms of cocaine per week to Coleman and failing to challenge as an "absolute fabrication" Marshall's statement that Coleman picked up between 25 and 30 kilograms of cocaine on one occasion. [Doc. 689-1 at 3, 5, 8-10]. Coleman contends "that he was not actively or physically involved in the drug distribution" and that, without the drug amounts alleged in Parsons and Marshall's false statements, the drug



AO 72A
(Rev.8/82)

quantity attributed to him would have been twenty-five grams of cocaine. [Id. at 4, 10].

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (Strickland applies to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) (citation omitted) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v.

Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden."). "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. "In the sentencing context, the defendant must show a reasonable probability that his sentence would have been different." United States v. Alvarez, 184 F. App'x 876, 881 (11th Cir. 2006) (per curiam) (unpublished). "To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim." Eagle, 279 F.3d at 943.

Counsel initially did object to both Marshall's and Parsons' statements regarding Coleman's participation in the actual drug distribution. [PSI ¶¶ 22, 112, 140, 159, Coleman's attached objections dated Jan. 3, 2010]. However, the drug quantity attributed to Coleman was not based solely on those statements. According to the PSI,



AO 72A
(Rev.8/82)

members of the conspiracy in the Atlanta area distributed over 400 kilograms of cocaine per month from May 2002 until October 2005. [PSI ¶ 22]. Members of the conspiracy other than Marshall and Parsons identified Coleman as "a major cocaine customer" and one driver alone reported making about five cocaine deliveries to Coleman in Alabama. [PSI ¶¶ 92, 138, 139]. Coleman admitted in his statement to the probation officer that "he facilitated drug transactions between suppliers in Atlanta and distributors in Birmingham, Alabama," and although he denied being the leader in either city, Coleman acknowledged that "he did put the players together and benefitted financially from his facilitation." [PSI ¶ 160].

"For sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity." United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993). Thus, even if Coleman was not involved in the actual physical drug distribution, that does not mean that he is responsible for only twenty-five grams of cocaine. As the Court found, the evidence established that Coleman was involved in a "very widespread" drug conspiracy that he knew distributed "huge amounts of drugs." [Doc. 370 at 14]. Even excluding Marshall's and Parsons' statements, the remaining undisputed statements contained in



AO 72A
(Rev.8/82)

the PSI support a finding that the drug distribution conspiracy that Coleman admitted facilitating was responsible for distributing in excess of 150 kilograms of cocaine. [PSI ¶¶ 14-21, 23-24, 26-52, 55-58, 60-91, 93-111, 113, 115-137, 141, 143-44, 146-52, 154, 157-58]; see United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009) ("For purposes of sentencing, the district court also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented."). Thus, Coleman has not shown that counsel's decision to withdraw the objection to drug quantity at sentencing was unreasonable, particularly since counsel's decision resulted in obtaining a minor role reduction for Coleman.

Moreover, Coleman fails to show prejudice. He cannot show that a challenge to Marshall's and Parsons' statements would have resulted in a lesser sentence because, as discussed above, there was ample additional evidence to support the Court's drug quantity finding. In fact, due to counsel's advocacy and agreement with the government to withdraw the objection to drug quantity, Coleman received a minor role reduction and a safety valve reduction, which allowed the Court to impose a sentence below the ten-year mandatory minimum. [Doc. 670 at 3-7].

Because Coleman's challenge to the drug quantity attributed to him at sentencing lacks merit, appellate counsel's failure to raise this issue does not constitute



AO 72A
(Rev.8/82)

deficient performance. See Smith, 477 U.S. at 536; Eagle, 279 F.3d at 943. Thus, Coleman is not entitled to relief as to ground two.

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Coleman's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.



AO 72A
(Rev.8/82)

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 689], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 15th day of October, 2012.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)