

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VERNON MARCUS COLEMAN<br>Movant, | :: :: :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO.<br>1:07-CR-0233-ODE-RGV-3 |
| UNITED STATES OF AMERICA,<br>Respondent. | :: :: :: | CIVIL ACTION NO.<br>1:12-CV-2436-ODE-RGV |

## FINAL ORDER

This matter is currently before the Court on the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard (Doc. 695) and Vernon Marcus Coleman's ("Movant's") objections thereto (Doc. 697). The Court reviews de novo the portions of the R&R to which Movant has objected and reviews for plain error the remaining portions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

I.  **Background**[1]

A federal grand jury returned an eight-count indictment against Movant and fifteen co-defendants, charging Movant in Count One with conspiracy to possess with

---

[1] The Court briefly summarizes the procedural history here. The background of the case is more fully set forth in the R&R.

the intent to distribute at least five kilograms of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. (Doc. 1). On September 30, 2010, Movant entered a non-negotiated guilty plea to Count One. (Doc. 634). Movant faced a statutory mandatory minimum sentence of ten years and a maximum of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii).

The presentence investigation report ("PSI") found Movant accountable for more than 150 kilograms of cocaine based, in part, on co-conspirator William Marshall's statement that Movant picked up between 25 and 30 kilograms of cocaine on one occasion and co-conspirator Charles Parsons's statement that he delivered 50 kilograms of cocaine per week to Movant. (PSI ¶¶ 112, 140, 159). Movant objected to the drug quantity assessed. (Id. ¶¶ 159, 163, 167). The PSI recommended a reduction for acceptance of responsibility and application of the safety valve provision, which permits sentencing without regard to the statutory minimum sentence if certain criteria are met. (Id. ¶¶ 165, 170).

At the sentencing hearing, the parties came to an agreement whereby Movant withdrew his objection to drug quantity and the government did not oppose a minor role reduction. (Doc. 670 at 3-6). While the Court did not necessarily agree that

2

Movant should receive a minor role reduction, it honored the parties' agreement, found that Movant's guideline range was seventy to eighty-seven months of imprisonment, and imposed sentence at the high end of that range. (Id. at 5-6, 8; Doc. 654). Movant appealed his sentence, and the United States Court of Appeals for the Eleventh Circuit affirmed on September 21, 2011. United States v. Coleman, 440 F. App'x 869, 870 (11th Cir. 2011) (per curiam).

On July 12, 2012, Movant timely filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that: (1) his sentence violates due process because it was imposed based on the false statements of Marshall and Parsons; and (2) counsel was ineffective at sentencing and on appeal for failing to challenge this false information. (Doc. 689 at 4; Doc. 689-1 at 2-11). The government responds that ground one is procedurally defaulted and that ground two lacks merit. (Doc. 692 at 7-22).

On October 15, 2012, the Magistrate Judge issued his R&R, recommending that the § 2255 motion and a certificate of appealability ("COA") be denied. (Doc. 695 at 13). Specifically, the Magistrate Judge found that ground one was procedurally defaulted because Movant did not raise it on direct appeal, show cause to excuse the

3

default, or meet the actual innocence exception. (Id. at 5-7). As to ground two, the Magistrate Judge found that Movant failed to show that counsel's decision to withdraw the objection to drug quantity was unreasonable because, even excluding Marshall's and Parsons's statements, the remaining undisputed statements in the PSI supported the Court's drug quantity finding and because counsel's decision resulted in a minor role reduction. (Id. at 10-11). The Magistrate Judge further found that Movant had not shown prejudice because he could not show that a challenge to Marshall's and Parsons's statements would have resulted in a lesser sentence and counsel's advocacy and agreement with the government allowed the Court to impose a sentence below the mandatory minimum. (Id. at 11). Finally, the Magistrate Judge found that appellate counsel's failure to raise this meritless issue did not constitute deficient performance. (Id. at 11-12).

## II. Movant's Objections

Movant's objections are not entirely clear. Movant contends that his default of ground one should be excused because "being actually innocent of the drug quantity . . . would establish him actually innocent of the conviction." (Doc. 697 at 2). Movant states that without Marshall's and Parsons's statements, which "are the only

4

suggesting possession of a specified amount," he "would only be guilty of the crime of conspiracy," and "there is no possession of any amount of drugs." (Id. at 2-3).

The Court agrees with the Magistrate Judge's finding that Movant has not met the actual innocence exception because he does not claim that he is actually innocent of the drug conspiracy for which he was convicted and because he did not receive a capital sentence. See Stevens v. United States, 466 F. App'x 789, 791 (11th Cir. 2012) (per curiam); McKay v. United States, 657 F.3d 1190, 1196-97, 1199 n.14 (11th Cir. 2011). Additionally, "[f]or sentencing purposes a member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that the defendant agreed to undertake and that are reasonably foreseeable in connection with that activity." United States v. Ismond, 993 F.2d 1498, 1499 (11th Cir. 1993). Thus, even assuming that Movant was not involved in the actual physical drug distribution, he is responsible for the conspiracy's distribution of more than 150 kilograms of cocaine, as outlined in the PSI. (See PSI ¶¶ 14-21, 23-24, 26-52, 55-58, 60-91, 93-111, 113, 115-137, 141, 143-44, 146-52, 154, 157-58). After careful consideration, the Court concludes that the R&R is correct.

5

### III. Conclusion

For the reasons set forth above, the Court **OVERRULES** Movant's objections (Doc. 697), **ADOPTS** the R&R (Doc. 695) as the opinion and order of the Court, **DENIES** the § 2255 motion (Doc. 689), and **DECLINES** to issue a COA.

**SO ORDERED**, this ___8___ day of November, 2012.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)