**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VERNON MARCUS COLEMAN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0233-ODE-RGV-3 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2310-ODE-RGV |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Vernon Marcus Coleman's pro se motion under 28 U.S.C. § 2255 challenging the revocation of his supervised release, [Doc. 741], the government's motion to extend time to respond to the § 2255 motion, [Doc. 743], and the government's response, [Doc. 745]. The government's motion for an extension of time, [Doc. 743], is **DENIED** as moot. For the reasons that follow, the undersigned **RECOMMENDS** that Coleman's § 2255 motion be denied.

**I. PROCEDURAL HISTORY**

On July 10, 2007, a federal grand jury returned an eight-count indictment against Coleman and fifteen co-defendants, charging Coleman in Count One with conspiracy to possess with the intent to distribute at least five kilograms of a mixture

and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. [Doc. 1]. After two years as a fugitive, Coleman was arrested in July of 2009. [Docs. 520, 528]. On September 30, 2010, Coleman entered a non-negotiated guilty plea to Count One. [Doc. 634]. The Court sentenced Coleman to eighty-seven months of imprisonment, followed by five years of supervised release. [Doc. 654]. On September 21, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed Coleman's sentence. United States v. Coleman, 440 F. App'x 869, 870 (11th Cir. 2011) (per curiam). On July 12, 2012, Coleman timely filed his first § 2255 motion to vacate his sentence, [Doc. 689], which the Court denied on November 9, 2012, [Doc. 698].

After completing his term of imprisonment, Coleman began his five year term of supervised release on November 7, 2014. [Doc. 731]. On August 31, 2015, Coleman was arrested on charges of driving under the influence and possession with intent to distribute marijuana. [Id.]. On October 6, 2015, Coleman appeared before the Court for a revocation hearing at which he did not contest the allegations of the petition, [Doc. 744 at 2], and the Court revoked Coleman's supervised release and sentenced him to eighteen months of imprisonment, followed by twenty-four months

2

of supervised release. [Doc. 734]. Coleman did not appeal the revocation of his supervised release.

On July 27, 2016, Coleman timely filed this § 2255 motion challenging the revocation of his supervised release. [Doc. 741]. Construing the motion liberally, it appears that Coleman raises the following grounds for relief: (1) the evidence was insufficient to support the revocation in that Coleman was unaware of, and did not possess, the marijuana found in the vehicle; (2) the Guidelines calculations were incorrect; (3) the application of the Guidelines to the supervised release revocation hearing was unconstitutionally vague; (4) his conviction was obtained by use of evidence found pursuant to an unconstitutional search and seizure; and (5) his conviction was obtained pursuant to an unlawful arrest.[1] [Id. at 4, 6-8, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34]. The government responds that Coleman's grounds for relief are procedurally defaulted because he did not raise them in a direct appeal. [Doc. 745 at 7-10].

---

[1] It is not clear that Coleman seeks any relief as to grounds four and five because he states that he "simply wishes to preserve [these] claim[s]" and does not present any argument or cite any authority related to those grounds. [Doc. 741 at 8].

3

## II.  DISCUSSION

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond

4

a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (citing Schlup, 513 U.S. at 316).

Coleman did not file a direct appeal and has not alleged that an objective factor external to the defense prevented him or his counsel from doing so or that the failure to file a direct appeal was the result of ineffective assistance of counsel. See Lynn, 365 F.3d at 1235; Reece, 119 F.3d at 1465. Coleman does assert that he is "factually innocent" of possession with intent to distribute marijuana because he had no knowledge of the marijuana. [Doc. 741 at 16, 18, 20, 22, 24]. However, this unsupported assertion is insufficient to meet the demanding standard for showing actual innocence in order to overcome a procedural default.[2] See McQuiggin, 133 S.

---

[2] Furthermore, the Court notes that Coleman did not contest the allegations of the petition to revoke his supervised release, and, in his statement to the Court, he apologized, stating that he had made a "huge mistake" and "let everybody down." [Doc. 744 at 2, 10-12]. These statements are inconsistent with an assertion of actual innocence.

5

Ct. at 1936; Schlup, 513 U.S. at 316, 327; McKay, 657 F.3d at 1196. Accordingly, Coleman is not entitled to relief under § 2255.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because Coleman cannot show that reasonable jurists could debate that his grounds for relief are procedurally defaulted, he should be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, the government's motion for an extension of time, [Doc. 743], is **DENIED** as moot, and **IT IS HEREBY RECOMMENDED** that Coleman's § 2255 motion, [Doc. 741], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 9th day of September, 2016.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE