FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 0 6 2016

James N. Hatten, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VERNON MARCUS COLEMAN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0233-ODE-RGV-3 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2310-ODE-RGV |

## ORDER

This matter is currently before the Court on Vernon Marcus Coleman's

objections [Doc. 748] to the Final Report and Recommendation ("R&R") issued by

Magistrate Judge Russell G. Vineyard [Doc. 746], which recommends that Coleman's

28 U.S.C. § 2255 motion be denied.  In reviewing a Magistrate Judge's Report and

Recommendation, the district court "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's

report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive, or general objections need not be considered by the district

court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam)

(quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation

marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).  Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

On July 10, 2007, a federal grand jury returned an eight-count indictment against Coleman and fifteen co-defendants, charging Coleman in Count One with conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846.  [Doc. 1].  After two years as a fugitive, Coleman was arrested in July of 2009.  [Docs. 520, 528].  On September 30, 2010, Coleman entered a non-negotiated guilty plea to Count One.  [Doc. 634].  The Court sentenced Coleman to eighty-seven months of imprisonment, followed by five years of supervised release.

2

[Doc. 654].  On September 21, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed Coleman's sentence.  United States v. Coleman, 440 F. App'x 869, 870 (11th Cir. 2011) (per curiam).  On July 12, 2012, Coleman timely filed his first § 2255 motion to vacate his sentence [Doc. 689], which the Court denied on November 9, 2012 [Doc. 698].

After completing his term of imprisonment, Coleman began his five year term of supervised release on November 7, 2014.  [Doc. 731].  On August 31, 2015, Coleman was arrested on charges of driving under the influence and possession with intent to distribute marijuana.  [Id.].  On October 6, 2015, Coleman appeared before the Court for a revocation hearing at which he did not contest the allegations of the petition, [Doc. 744 at 2], and the Court revoked Coleman's supervised release and sentenced him to eighteen months of imprisonment, followed by twenty-four months of supervised release.  [Doc. 734].  Coleman did not appeal the revocation of his supervised release.

On July 27, 2016,  Coleman timely filed this § 2255 motion challenging the revocation of his supervised release.  [Doc. 741].  Construing the motion liberally, it appears that Coleman raises the following grounds for relief: (1) the evidence was insufficient to support the revocation in that Coleman was unaware of, and did not

possess, the marijuana found in the vehicle; (2) the Guidelines calculations were incorrect; (3) the application of the Guidelines to the supervised release revocation hearing was unconstitutionally vague; (4) his conviction was obtained by use of evidence found pursuant to an unconstitutional search and seizure; and (5) his conviction was obtained pursuant to an unlawful arrest. [Id. at 4, 6-8, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34]. The government responds that Coleman's grounds for relief are procedurally defaulted because he did not raise them in a direct appeal. [Doc. 745 at 7-10]. Coleman did not file a reply to the government's response.

The Magistrate Judge agreed with the government, finding that all of Coleman's grounds for relief were procedurally defaulted because he did not file a direct appeal, did not allege any facts to show that an objective factor external to the defense prevented him or his counsel from doing so or that the failure to file a direct appeal was the result of ineffective assistance of counsel, and failed to meet the demanding standard for showing actual innocence in order to overcome a procedural default. [Doc. 746 at 5-6]. In his objections, Coleman reasserts his actual innocence argument and newly argues that he could not have presented these claims sooner due to his pending state criminal charges and that his claims are based on unspecified "legal precedent" that "was not yet decided when the default took place." [Doc. 748 at 2-4].

4

The Court agrees with the Magistrate Judge's finding that Coleman did not meet his burden to show actual innocence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) ("The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'") (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)). Furthermore, the Court declines to consider Coleman's new arguments because he did not present them to the Magistrate Judge. See Williams, 557 F.3d at 1292.

After careful consideration, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Coleman's objections have no merit. Accordingly, the Court **ADOPTS** the R&R [Doc. 746] as the opinion and order of the Court, **DENIES** this § 2255 motion [741], and **DECLINES** to issue a certificate of appealability. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this ___5___ day of October, 2016.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

5